UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

UNITED STATES OF AMERICA

                           :      PRELIMINARY ORDER OF

         - v. -                 FORFEITURE/

                            :      MONEY JUDGMENT

CARMELO VELEZ,

   a/k/a "Jugg,"                :      S5 19 Cr. 862 (VEC)

            Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 28, 2021, CARMELO VELEZ, a/k/a "Jugg" (the "Defendant"), among others, was charged in six counts of a fifteen-count Superseding Indictment, S5 19 Cr. 862 (VEC) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Two); a firearms offense, in violation of Title 18, United States Code, Sections 924(c) and 2 (Count Three); assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2 (Counts Seven and Twelve); use of a firearm in furtherance of crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) and 2 (Count Thirteen);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds that the Defendant obtained directly or indirectly as a result of the offense charged in Count Two of the Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count Two of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense charged in Count Two of the Indictment;

WHEREAS, on or about May 25, 2021, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count Two of the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Government asserts that $6,890 in United States currency representing the proceeds traceable to the offense charged in Count Two of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $6,890 in United States currency, pursuant to Title 21, United States Code, Section 853, representing the proceeds traceable to the commission of the offense charged in Count Two of the Indictment, that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $6,890 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in

Count Two of the Indictment, that the Defendant personally obtained, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, CARMELO VELEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.      United States Marshals Service (or its designee) is authorized to deposit the payment on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


Dated: New York, New York
         September 22, 2021

                                        SO ORDERED:


                                        _____
                                        HONORABLE VALERIE E. CAPRONI
                                        UNITED STATES DISTRICT JUDGE